Charles D. Mayes and Sara R. Mayes v. Commissioner.
Mayes v. Commissioner
Docket No. 6005-68.
United States Tax Court
T.C. Memo 1971-89; 1971 Tax Ct. Memo LEXIS 243; 30 T.C.M. (CCH) 363; T.C.M. (RIA) 71089; April 28, 1971, Filed Herbert S. Kendrick, 1620 Republic National Bank Tower, Dallas, Tex., for the petitioners. W. John Howard, Jr., for the respondent. STERRETT
Memorandum Findings of Fact and Opinion STERRETT, Judge: The Commissioner determined a deficiency of $151.44 in petitioners' Federal income taxes for the calendar year 1967. The question before us is whether the petitioners who ceased using a house as their residence and *244 offered it for sale without attempting to rent it are entitled to take deductions for depreciation, maintenance and repairs incurred during the period prior to the actual sale of the house. Findings of Fact Some of the facts are stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference. Charles D. Mayes and Sara R. Mayes (hereinafter sometimes called the petitioners) are husband and wife, and at the time of filing their petition resided in Dalls, Texas. They filed their joint Federal income tax return for 1967 with the district director of internal revenue, Dalls, Texas. In April, 1960, petitioners acquired by gift residential property at 7623 Bryn Mawr, Dalls, Texas, which petitioners occupied as their home until 1964. They permanently vacated the residence on Bryn Mawr in 1964 and moved to their present residence at 3536 Southwestern in Dallas. Then petitioners' former residence was immediately offered for sale. During the period the Bryn Mawr house was on the market it was listed with many realtors. Petitioners first listed the residence on January 25, 1964, at a price of $26,950 with a realtor named Guion Gregg. In April of 1964, *245 the listing with Gregg was renewed at a reduced price of $25,950. The listing was transferred to Earle Rawlins, Jr., on September 30, 1964, and the price reduced to $24,500. Then the property was listed with an independent realtor named Doe Grant at the further reduced price of $23,000. On July 17, 1965, the property was listed with the Bob Hardy Company for a price of $22,500. After spending money refurbishing the house and trying to put it in a more salable condition, the property was listed with Park North Realty on March 21, 1967, at the price of $23,950. On May 15, 1967, the petitioners sold the Bryn Mawr property for $20,500. In the opinion of the realtor who negotiated the sale, Robert F. Werthemer of Park North Realty, the property sold for less than the listed price because its condition was "fair to poor." The $20,500 realized on the sale represented the fair market value of the property in 1967. Petitioners' basis for the Bryn Mawr property in 1964 was $25,464. The Bryn Mawr property was never offered for rent nor was it rented at any time. Rather it remained unoccupied until the sale in 1967. During 1967 petitioners incurred and paid repair and maintenance expenses *246 totalling $248.68 in connection with the Bryn Mawr property. These expenses, along with depreciation on the property in the amount of $357.09, were deducted on petitioners' 1967 Federal income tax return. These deductions were disallowed by respondent in a statutory notice date September 30, 1968. Opinion Petitioners will not be entitled to deductions for depreciation, maintenance and repair expenses under section 167(a)(2) [1] and 212(2), [2] the Code of 1954 unless they can demonstrate that their former residence on Bryn Mawr in Dallas, Texas, was "property held for the production of income." *247 A similar situation was before this Court in the case of Frank A. Newcombe 365 30,178], 54 T.C. 1298 (1970). There we decided that the property in question was not held for the production of income within the meaning of sections 167(a) (2) and 212(2). Newcombe is dispositive of the issue herein, and we must disallow petitioners' deductions for depreciation, maintenance and repair expenses. Petitioners occupied the Bryn Mawr property as their personal residence for approximately 4 years, and upon moving out placed it on the market for immediate sale. "Under such circumstances, only a most exceptional situation will permit a finding that the statutory requirement has been satisfied." 54 T.C. at 1302. Within the meaning of the Newcombe decision there is nothing exceptional in the present situation. To be sure the petitioners did at first offer the property for $26,950 which was in excess of their basis of $25,464. As was said in Newcombe, supra, we must take account of the fact that the listed price is often a bargaining stance. Additionally the asking price was reduced below petitioners' basis within 8 months after the property was listed. The process *248 of decreasing the price continued until the property was finally sold for $20,500 on May 15, 1967. This indicates the petitioners were not holding the property to realize any appreciation accruing subsequent to their moving out, but rather were simply trying to realize as much as possible on its sale. Furthermore, while the record shows that the amount of $20,500 finally realized represented the fair market value of the property at the time of the sale, there is no evidence of record indicating the fair market value of the property at the time petitioners vacated it. Also, at no time did petitioners offer the property for rent, nor was it actually rented. For the reasons given it is determined that petitioners did not hold the Bryn Mawr property for the production of income in 1967, and thus, that they cannot deduct expenses for depreciation, maintenance and repair incurred with respect to the property in 1967. In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - * * * (2) of property held for the production of income. ↩
2. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * * (2) for the management, conservation, or maintenance of property held for the production of income; * * *.↩